IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE FAUCHER | : | |
|     Plaintiff, | : | |
| | : | Docket No.: 3:15-cv-01630 |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| LEIGHTON FORD, INC., et al, | : | |
|     Defendants. | : | |

## MEMORANDUM

This diversity action is brought by Terrance Faucher against Lehighton Ford, Inc. ("Lehighton Ford") and Lehighton Water Authority (the "Water Authority").

The action arises out of the plaintiff's fall on snow or ice on the premises of Lehighton Ford on February 24, 2014. The plaintiff filed his complaint on August 21, 2015. (Doc. 1). Lehighton Ford filed its answer (Doc. 9) and joinder complaint against the Water Authority (Doc. 10) on October 1, 2015. Thereafter, the plaintiff filed an amended complaint (Doc. 12) against both Lehighton Ford and the Water Authority.

Before the court is a motion to dismiss (Doc. 22) filed by the Water Authority seeking to dismiss the amended complaint because the plaintiff failed to provide notice of his claim to the Water Authority within six months from the date of his injury, as required for actions against a

government unit under 42 Pa. Cons. Stat. § 5522(a). As a result of that alleged failure, the Water Authority seeks dismissal of the amended complaint as against it. The motion has been fully briefed and is now ripe for disposition. For the reasons set forth below, we will deny the motion.

I.   Background

The plaintiff alleges that Lehighton Ford was negligent on February 24, 2014, when it allowed snow/ice/water to accumulate and remain on the parking lot of its property causing the plaintiff to slip and fall and sustain serious injuries. (Doc. 1 ¶¶ 5,6). In its answer, Lehighton Ford raised as an affirmative defense, the allegation that the plaintiff's alleged injuries and damages may have been directly and proximately caused by the negligence of parties other than it over whom it had no supervision or control for those actions and omissions. (Doc. 9 ¶30). On October 1, 2015, Lehighton Ford filed its joinder complaint against the Water Authority. (Doc. 10). In the joinder complaint, Lehighton Ford alleges that the Water Authority is solely liable to the plaintiff, liable over to the joining defendant, and/or jointly and/or severally liable with the joining defendant. (Id. ¶7). Further, Lehighton Ford alleges that the Water Authority knew or should have known that a leak in a water line it

2

controlled caused water to flow upon Lehighton Ford's property thereby providing the Water Authority with actual or constructive notice of the dangerous condition. (Id. ¶¶10,11).

On October 20, 2015, the plaintiff filed his amended complaint. (Doc. 12). In the amended complaint, the plaintiff alleges that Lehighton Ford was negligent for allowing snow/ice/water to accumulate on its property which caused the plaintiff to slip and fall and sustain serious injuries. He also alleges alternatively, that the Water Authority may have caused and/or contributed to the unreasonably dangerous snow/ice/water accumulation on the parking lot of the property when it knew or should have known that a leak in its water line that it controlled caused water to flow upon Lehighton Ford's property which eventually caused the plaintiff to slip and fall and sustain injuries. (Id. ¶¶ 6-8, 10-15, 27).

In its motion to dismiss (Doc. 22), the Water Authority maintains that, as a government unit, it is entitled to the protections and immunities under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. §§ 8541-8564). It seeks dismissal on the basis that the plaintiff failed to provide notice of his claim to it within six months from the date of the injury, and thus it warrants dismissal of the amended complaint

against it under 42 Pa. Cons. Stat. § 5522(a).

II. Legal Standards

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule12(b)(6), the defendant has the burden of showing that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980); Holocheck v. Luzerne Cty. Head Start, Inc., 385 F. Supp. 2d 491,

495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellab, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

III. Discussion

It is undisputed that the Water Authority is a government unit, ordinarily entitled to notice of a personal injury claim prior to commencement of suit. (Docs. 23, 24-1, 25). The issues for our consideration are (1) whether the plaintiff was required to give notice to the Water Authority of his claim within the time limitations under 42 Pa. Cons. Stat. §5522(a); and (2) whether the plaintiff has shown a reasonable

excuse for the failure to file a notice of claim.

      a.    <u>Whether the Plaintiff was Required to Give Notice</u>

It is clear that the plaintiff did not provide written notice to the Water Authority within six months from the date of his injury. The statute requires written notice of intent to file suit against a government unit within six months from the date of injury or the accrual of the cause of action. 42 Pa. Cons. Stat. § 5522(a)(1). Failure to comply with this mandate requires dismissal of any civil action commenced against the government unit unless the court excuses the failure to comply upon a showing of reasonable excuse. <u>Id.</u> § 5522(a)(2).

      b.    <u>Whether the Failure to File the Notice Within Six Months Should be Excused</u>

In its opposition papers, the plaintiff maintains that his non-compliance with the notice statute is excused because he had no knowledge of any potential liability against the Water Authority. He further asserts that once he knew that Lehighton Ford attempted to shift blame to the Water Authority through the allegations contained in the joinder complaint, he immediately filed the amended complaint naming the Water Company as a defendant to the action. He claims that these

facts provide him with a reasonable excuse for not supplying the required notice thereby shifting the burden to the Water Authority to show prejudice. We agree.

Section 5522 specifically states that the court shall make the determination of whether a reasonable excuse has been shown. Landis v. City of Philadelphia, 369 A.2d 746, 749 (Pa. Super. Ct. 1976). The court shall consider the reasons offered by the plaintiff and the prejudice allegedly suffered by the defendant in order to determine whether a reasonable excuse has been established. Id.; Bissey v. Commonwealth Dept of Transp., 613 A.2d 37, 41 (Pa. Commw. Ct. 1992). We are guided further by Pennsylvania case law.  See Ramon v. Dep't. of Transp., 556 A.2d 919 (Pa. Commw. Ct. 1989) (ignorance of the statute coupled with a lack of prejudice constituted a reasonable excuse); Hoy v. Se. Pa. Transp. Auth., 565 A.2d 848 (Pa. Commw. Ct. 1989) (ignorance of the extent of injuries coupled with a lack of prejudice constituted a reasonable excuse); Magill v. Dep't of Transp., 571 A.2d 539 (Pa. Commw. Ct. 1990) (delay caused by the seriousness of the injuries coupled with a lack of prejudice constituted a reasonable excuse); Bissey, 613 A.2d 37 (lack of knowledge that injury occurred on state property coupled with lack of prejudice could

constitute reasonable excuse).

The plaintiff's opposition papers reflect that the plaintiff was unaware of any potential liability against the Water Authority until the filing of the joinder complaint. Moreover, the Water Authority has not alleged that it was prejudiced because of the plaintiff's failure to provide notice under Section 5522. Rather, the Water Authority simply maintains that failure to comply with the statute's notice requirements in this case mandates dismissal per se. But it is clear from the relevant case law that a necessary consideration under Section 5522 is whether and to what extent the government unit will be prejudiced.

An appropriate order follows.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: October 6, 2016